IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

D'ALBERT D. ADAMS, #29680-034                                              PETITIONER

VERSUS                                      CIVIL ACTION NO.  3:15-cv-706-WHB-JCG

WARDEN B. E. BLACKMON                                                     RESPONDENT

MEMORANDUM OPINION AND ORDER

This matter is before the Court, sua sponte, for consideration of dismissal. Petitioner D'Albert D. Adams is a federal inmate presently incarcerated at the Federal Correctional Complex in Yazoo City, Mississippi. He filed this pro se Petition for habeas corpus relief pursuant to 28 U.S.C. § 2241. After reviewing the Petition [1], Memorandum in Support [2], and Brief in Support [3] in conjunction with the relevant legal authority, the Court concludes that the Petition should be dismissed.

I.      Background

Petitioner pled guilty in the United States District Court for the Eastern District of Louisiana to the criminal charge of a felon in possession of and affecting commerce with a firearm. Pet. [1] at 7. Petitioner was then sentenced under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(2)(A), to a 15-year mandatory minimum sentence. *Id*. Petitioner was sentenced as a career offender because of his prior drug convictions received in the state courts of Louisiana. *Id*. Petitioner argues that his prior drug convictions in Louisiana do not meet the required definition of a "serious drug offense" as required by 18 U.S.C. § 924(e)(2)(A). *Id*. Petitioner did not file a Motion to Vacate pursuant to 28 U.S.C. § 2255. *Id.* at 4.

Petitioner's ground for relief in the instant § 2241 habeas is as follows:

GROUND ONE: Wrongful Assessment and Imposition of a 15 year mandatory minimum sentence term in light of the U.S. Supreme Court's ruling in *Johnson v. United States*, June 26, 2015.

Pet. [1] at 6. Petitioner argues that he is actually innocent of the enhanced sentence imposed by the ACCA because (1) his prior state court convictions do not meet the definition of a "serious drug offense" as required by 18 U.S.C. § 924(e)(2)(A), *see id.* at 7, and (2) the United States Supreme Court's ruling in *Johnson v. United States*, ___ U.S. ___, 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015) that the "'residual clause' of the ACCA was so vague that it is unconstitutional," *see* Brief [3] at 2. As relief, Petitioner is requesting that this Court vacate his 15-year mandatory minimum sentence, re-sentence him to time served, and order the Bureau of Prisons to release him immediately. Pet. [1] at 7

## II. Analysis

A federal inmate may attack the manner in which his sentence is being carried out or the prison authorities' determination of its duration in a habeas petition pursuant to 28 U.S.C. § 2241, filed in the same district where the prisoner is incarcerated. *See Pack v. Yusuff,* 218 F.3d 448, 451 (5th Cir. 2000). By contrast, a federal inmate's challenge to the validity of his conviction or sentence should be pursued in a motion pursuant to 28 U.S.C. § 2255, filed in the sentencing court. *Id.* (quoting *Cox v. Warden, Fed. Det. Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990) (stating that "the primary means of collateral attack on a federal sentence" is a § 2255 motion)). If a prisoner is challenging errors that "occurred during or before sentencing," his claims should be pursued in a § 2255 motion. *Ojo v. INS*, 106 F.3d 680, 683 (5th Cir.1997) (citations omitted). Furthermore, a habeas petition under § 2241 is not a substitute for a motion under § 2255. *Pack*, 218 F.3d at 452 (citations omitted).

In the event, however, a "petitioner can show that § 2255 provides him an inadequate or ineffective remedy, he may proceed by way of § 2241." *Wesson v. U.S. Penitentiary*, 305 F.3d 343, 347 (5th Cir. 2002) (citing *Pack*, 218 F.3d at 452). This is referred to as the "savings clause" of § 2255. *Id*. "To fall under this provision, petitioner must claim actual innocence and retroactivity." *Frees v. Maye*, 441 F. App'x 285, 287 (5th Cir. 2011) (citing *Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001)). As such,

> the savings clause of § 2255 applies to a claim (i) that is based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense *and* (ii) that was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion.

*Reyes-Requena*, 243 F.3d at 904 (emphasis added). Petitioner bears the burden of demonstrating that the § 2255 remedy is inadequate or ineffective to test the legality of his detention. *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001) ("[T]he burden of coming forward with evidence to show the inadequacy or ineffectiveness of a motion under § 2255 rests squarely on the petitioner.").

In this case, Petitioner's arguments set forth in his Petition [1], Memorandum in Support [2], and Brief in Support [3] do not rely on a retroactively applicable Supreme Court case which establishes Petitioner was convicted of a "nonexistent offense." *Reyes-Requena*, 243 F.3d at 904. Petitioner was convicted of a felon in possession of a firearm. Pet. [1] at 7. That crime has not been retroactively voided. Thus, Petitioner fails to meet the first prong of the test. *See Kinder v. Purdy*, 222 F.3d 209, 213 (5th Cir. 2000) (finding "[w]here the petitioner's case has been viewed as falling within the savings clause, it was in part because the petitioner arguably was convicted for a nonexistent offense"); *see also Jeffers*, 253 F.3d at 831 (deciding that simply because

Jeffers' jury was not instructed that it had to convict him unanimously on each of the specific violations that made up the alleged continuing series of violations, this did not amount to a claim that he was convicted of a "nonexistent offense" as required by *Reyes-Requena*). Because Petitioner was required to prove both prongs of the *Reyes-Requena* test to access the savings clause of § 2255, the Court need not address the second prong.

Moreover, Petitioner's argument that the enhancement of his sentence based on prior convictions he received in the state courts of Louisiana pursuant to 18 U.S.C. § 924(e)(2)(A) and the decision of *Johnson v. United States* renders his 15-year mandatory minimum sentence unconstitutional is without merit. First, the United States Court of Appeals for the Fifth Circuit has held that a claim of actual innocence of being a career offender fails to satisfy the requirements of the savings clause. *See Bradford v. Tamez,* 660 F.3d 226, 230 (5th Cir. 2011) (holding that "[a] claim of actual innocence of [an] . . . enhancement is not a claim of actual innocence of the crime of conviction and, thus, not the type of claim warranting review under § 2241") (citing *Kinder*, 222 F.3d at 213-14). Second, Petitioner's argument that *Johnson* applies in this § 2241 action is misplaced. The Supreme Court in *Johnson* held that the residual clause of the ACCA is unconstitutionally vague. *Johnson*, 135 S.Ct. at 2563. The residual clause of the ACCA refers to the portion of 18 U.S.C. § 924(e)(2)(B)(ii) which states "*or otherwise involves conduct that presents a serious potential risk of physical injury to another . . . .*" *Id.* at 2556. Because Petitioner was sentenced based on "serious drug offense," 18 U.S.C. § 924(e)(2)(A), not the residual clause of the ACCA, 18 U.S.C. § 924(e)(2)(B)(ii), *Johnson* does not apply in this civil action.[1]

---

[1]Because *Johnson* does not apply to this case, the Court will not address Petitioner's claim and supporting case law that *Johnson* is retroactive.

As previously stated, Petitioner bears the burden of showing the inadequacy or ineffectiveness of the § 2255 remedy in order to proceed with his claim in a § 2241 petition. *See Jeffers,* 253 F.3d at 830. Based on the foregoing, Petitioner fails to meet this burden and therefore, is not entitled to habeas relief under § 2241.

**III.   Conclusion**

The Court has considered the pleadings and applicable law. For the reasons stated, this Petition for habeas relief pursuant to § 2241 is dismissed with prejudice as to the jurisdictional issue only, and without prejudice in all other respects. *See Pack*, 218 F.3d at 454.

A Final Judgment in accordance with this Memorandum Opinion and Order will be issued.[2]

SO ORDERED, this the 8th day of December, 2015.

s/William H. Barbour, Jr.
UNITED STATES DISTRICT JUDGE

---

[2] A certificate of appealability (COA) is not needed for a federal inmate to appeal the denial of relief under 28 U.S.C. § 2241. *See Castro Flores v. Dretke*, 120 F. App'x 537, 538-39 (5th Cir. 2005) (per curiam) (unpublished table decision).

5